Dismissed and Memorandum Opinion filed October 7, 2004









Dismissed and Memorandum Opinion filed October 7,
2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00475-CV

____________

 

4615 INVESTORS LLC, I-45 N.
PROFESSIONAL BLDG., Appellant

 

V.

 

COMPREHENSIVE INVESTIGATIONS & SECURITY, INC., Appellee

 



 

On
Appeal from the County Civil Court at Law No. 1

Harris
County, Texas

Trial
Court Cause No. 764,041

 



 

M E M O R A N D U M   O P I N I O N








This is an attempted appeal from a final judgment signed
September 19, 2002. Appellant filed a premature motion for new trial on August
23, 2002.  See Tex. R. App. P. 27.2 (stating premature
actions taken before an appealable order is signed relate to the appeal of that
order and are given effect as if they had been taken after the order was
signed).  On September 24, 2002,
appellant also filed a motion to set aside the judgment, which was denied by an
order signed October 24, 2002.  Appellant
filed an untimely request for findings of fact and conclusions of law on April
22, 2003.  Appellant=s notice of appeal was also filed
April 22, 2003, and attached to the notice of appeal was an affidavit stating
that his attorney had not received notice of the court=s ruling on his motion to set aside
the judgment.

When an appellant has filed a timely motion for new trial,
motion to modify the judgment, motion to reinstate, or request for findings of
fact and conclusion of law, the notice of appeal must be filed within ninety
days after the date the judgment is signed.  See Tex.
R. App. P. 26.1(a).  Thus, the
time for perfecting the appeal is calculated from the signing of the judgment,
not the ruling on a motion for new trial or other post-judgment motion.  Appellant was certainly aware of the signing
of the judgment because it filed a timely post-judgment motion.  Moreover, a motion for new trial or to modify
a judgment that is not determined by a written order within seventy-five days
of judgment is overruled by operation of law. 
Tex. R. Civ. P. 329b(c).  Therefore, appellant=s claim of lack of notice of the
ruling on its post-judgment motion does not affect the timeliness of its notice
of appeal.

Appellant=s notice of appeal, filed seven months after judgment, is
untimely.  On May 12, 2003,
notification was transmitted to all parties of the court=s intention to dismiss the appeal for
want of jurisdiction.  See Tex. R. App. P. 42.3(a).  Appellant filed no response. 

On May 21, 2003, this court was notified that appellee,
Comprehensive Investigations & Security, Inc., had petitioned for voluntary
bankruptcy in the United States Bankruptcy Court for the Southern District of
Texas, under cause number 03-31114-H4 11. 
Because a stay is automatically effected by Section 362(a) of the
Bankruptcy Code, we stayed all proceedings in the appeal.  See Tex.
R. App. P. 8.2.  On September 1,
2004, appellant filed a motion to reinstate the appeal because the bankruptcy
case had been dismissed and the mandatory stay was no longer effective.  Accordingly, on September 9, 2004, this court
reinstated the appeal.  By order issued
that day, the court ordered that any response to the court=s notice of intention to dismiss for
want of jurisdiction must be filed by September 20, 2004.  No response was filed.








Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed October 7, 2004.

Panel consists of Chief Justice
Hedges and Justices Fowler and Seymore.